```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


ANTHONY T. NORRIS,              :
        Plaintiff
                                :

        vs.                     :    CIVIL NO. 1:CV-05-1898

JO ANNE B. BARNHART,            :       (Judge Caldwell)
Commissioner of Social
Security,                       :    (Magistrate Judge Mannion
        Defendant
```

O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), the plaintiff, Anthony Norris, filed this appeal from the decision of the Commissioner of Social Security denying Plaintiff's application for supplementary security income under the Social Security Act.  We are considering the report of the magistrate judge recommending that the appeal be granted in part, with a remand to the Commissioner to resolve one legal issue.  Both Plaintiff and the Commissioner have filed objections to the report.

The ALJ granted Plaintiff a closed-end period of disability from May 11, 2000, to June 1, 2003, based mainly on back pain from a herniated disc at the L4-L5 level of his spine, but decided that his condition had improved after a discectomy

and fusion surgery in July 2000 so that his disability eventually ended on June 1, 2003. In making this ruling, the ALJ accepted Plaintiff's credibility about his complaints of pain for the period before June 1, 2003, but rejected his credibility about the pain he was suffering after June 1, doing so on the basis of medical improvements the ALJ found in the medical records from February through May 2003.

Plaintiff made three claims on appeal. First, the ALJ's determination that Plaintiff's disability ended on June 1, 2003, because there was medical improvement in his condition within the meaning of 20 C.F.R. § 416.994 is erroneous and not supported by substantial evidence. Second, the ALJ's determination that Plaintiff's testimony abruptly became less credible on June 1, 2003, as to his subjective complaints is not supported by substantial evidence and failed to consider the testimony of Plaintiff's witness, his fiancee, at the hearing. Third, the ALJ erroneously failed to develop a record concerning Plaintiff's depression by arranging a consultative evaluation of Plaintiff's complaints about depression.

The magistrate judge rejected the first and third claims. He also rejected the first part of the second claim but has recommended that the case be remanded under *Burnett v. Commissioner*, 220 F.3d 112, 122 (3d Cir. 2000), for the ALJ to evaluate the testimony of Plaintiff's witness, his fiancee who

corroborated his complaints of disabling pain, and either accept it or reject it, and explain why.

The Commissioner objects that remand is proper under *Burnett*. Plaintiff objects to the conclusion that there was medical improvement justifying a rejection of his credibility concerning his pain after June 1, 2003. In this regard, he points out that he is being prescribed morphine, a powerful pain killer, and three other drugs, Neurontin, Baclofen and Trazodone. He requests that we award benefits outright.

The Commissioner's objection has no merit. Under *Burnett*, the ALJ was obligated to evaluate the testimony of Plaintiff's fiancee and state why he would reject it, if he would. As to Plaintiff's objection, we disagree that the cited portions of the medical record do not reveal improvements in Plaintiff's condition. As the ALJ noted, the April 10, 2003, record showed no numbness or tingling in the legs and negative straight leg raising bilaterally; and the May 29, 2003, record also showed negative straight leg raising and intact sensation. We therefore reject Plaintiff's objection as well.

Accordingly, this 15th day of September, 2006, upon consideration of the report (doc. 16) of the magistrate judge, filed July 28, 2006, and the objections that were filed (docs. 17 and 18), and upon independent review of the record, it is ordered that:

    1.   The magistrate judge's report is adopted.

    2.   This matter is remanded to the Commissioner for the ALJ to evaluate the testimony of Plaintiff's witness, his fiancee, and either accept it or reject it, and indicate why.

    3.   The Clerk of Court shall close this file.

<u>/s/William W. Caldwell</u>
William W. Caldwell
United States District Judge